69 F.3d 542
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Plaintiff-Appellee,
v.
James R. PHILLIPS; Defendant-Appellant,
Della R. PHILLIPS; Stephen A. Richardson; Edward J.
Lahart; Ethel R. Lahart; Lester Gorden; Lola
Gorden; Dr. E.D. Kelly; Doyle
McDonald; Elmer Kelderman, Defendants.
 No. 95-1358SI.
 United States Court of Appeals, Eighth Circuit.
 Submitted: Nov. 6, 1995.
Nov. 7, 1995.
 
 Before FAGG, LOKEN and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 The government commenced this foreclosure action after James R. Phillips defaulted on his Farmers Home Administration (FmHA) loans. Phillips appeals the district court's grant of summary judgment in favor of the government, and the denial of his motion for sanctions arising from the FmHA's alleged destruction of documents.
 
 
 2
 Contrary to Phillips's argument, we conclude the district court correctly granted summary judgment because the government had no duty to offer Phillips loan servicing options before deciding to accelerate his loans or to institute foreclosure proceedings on his property. Cf. Allison v. Block, 723 F.2d 631, 634 (8th Cir.1983) (notice of loan deferral relief must be given to FmHA borrowers subject to loan acceleration or foreclosure). Phillips received notice of loan servicing options before any adverse action occurred.
 
 
 3
 After a hearing on Phillips's motion for sanctions, the district court noted some documents in the FmHA's custody were lost and others gave the appearance of impropriety, but found the record did not support Phillips's contention that the documents were altered or deliberately destroyed. We conclude the district court did not abuse its discretion in declining to impose sanctions because there was no showing of bad faith or willfulness on the FmHA's part, and Phillips did not show he had been prejudiced. See Terry A. Lambert Plumbing, Inc. v. Western Sec. Bank, 934 F.2d 976, 985 (8th Cir.1991) (standard of review); cf. Frumkin v. Mayo Clinic, 965 F.2d 620, 626 (8th Cir.1992) (affording considerable deference to district court's actions in addressing litigant's misconduct).
 
 
 4
 We thus affirm the district court.